Bloch v. Martin.

---

I. BLOCH et al., Respondents, v. MRS. JOHN MARTIN, Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. SALES: Action for Goods Sold and Delivered: Defenses. In an action for goods sold and delivered, defenses that the goods were of an inferior quality and were delivered late were devoid of merit, where the buyer made no complaint to the seller of the quality of the goods or their late delivery, but turned them over to another party for sale in another town, without notice to the seller.

2. PLEADING: Suit by Partners: Affidavit Denying Corporate Existence Irrelevant. In an action instituted in a justice's court, where plaintiffs did not sue as a corporation but as a partnership, but the summons issued by the justice failed to set out the individual names of plaintiffs and describe them by their firm name, a verified affidavit filed by defendant saying plaintiffs were not a corporation was irrelevant.

3. JUSTICES' COURTS: Summons: Running in Name of Partnership: Defect Cured by Appeal. The imperfection of a summons, issued by a justice of the peace, which failed to set out the individual names of the plaintiffs and described them instead by their firm name, was cured by appeal to the circuit court, under section 4060, Revised Statutes 1899.

Bloch v. Martin.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*J. R. Young* for appellant.

(1). Where one or more assume to act as a corporation, or do business by a name distinctly implying a corporate existence, and sue in such name, and such corporate existence is brought into question by an affidavit denying such corporate existence, it then devolves upon the party, or parties, suing to prove such corporation by competent testimony. R. S. 1899, sec. 746. (2) Where one or more assume to act as a corporation, or do business by a name distinctly implying a corporate existence, and sue in such name, and the corporate existence of such is brought into question by affidavit filed as part of defense, the issue cannot be brushed aside or disposed of by an affidavit alleging partnership that fails to show that affiant is a competent witness and fails to set out the time of the commencement, or existence, of such partnership. R. S. 1899, sec. 3130. (3) Respondents' instruction telling the jury to find the issue for the respondents, if they find and believe from the evidence that appellant bought the goods in controversy, and same were delivered to appellant, is erroneous, and sets at naught the defense that the goods did not come according to time agreed upon, and that the goods were inferior and not the quality ordered, and also ignores the question of corporate existence and of partnership of respondents. Stewart v. Andes, 110 Mo. App. 243; Scanlan v. Gulick, 199 Mo. 449; Borden v. Falk Co., 97 Mo. App. 566. (4) The question of corporate existence of respondents, and of the partnership sought to be proven by it, was an issue, and should have been sustained by some sort of substantial testimony; and if no substantial testimony on that point was offered, the re-

spondents' case fell by the wayside, and the peremptory instruction offered by appellant should have been given. Bank v. Bank, 151 Mo. 320.    (5)  The substitution of I. and A. Bloch for the "Ohio Pottery and Glass Company" as plaintiff, in judgment on appeal, even if done with consent of court, is not permissible, and especially is this so when done without any showing or the offering of any competent testimony attempting to establish the propriety of such action.  Altheimer v. Teusher, 47 Mo. App. 285; Clements v. Greenwell, 40 Mo. App. 589.

*James A. Finch* for respondent.

(1)  There was no denial of the existence of a partnership.  The appellant insisted that respondents were a corporation, and at the same time, by her affidavit, denied it.  As respondent's account, as filed, showed that they were a copartnership and not a corporation, no issue could be raised by appellant's affidavit.  Sec. 746, R. S. 1899.  No such affidavit was filed. It is immaterial whether the affidavit as to the partnership was defective, as no proof on that point was necessary and, at most, it can only be considered as surplusage having no bearing on any issue in the case.    (2) The undisputed proof shows that after Mrs. Martin received the goods she treated them as her own and shipped them to her father.  She could not accept them and deal with them as her own and at the same time reject them.  The instruction given at respondent's request was correct as to their theory of the case under their testimony, and that is all that was necessary.  Sonnen v. Transit Co., 102 Mo. App. 271; Bank v. Powers, 102 Mo. App. 420; First Nat. Bank v. Ragsdale, 171 Mo. 186; Wilson v. Railroad, 122 Mo. App. 672.    (3) The plaintiffs sued as a partnership and no denial was made of its existence, therefore no issue was raised on that question.  No proof was necessary.  Sec. 746, R. S. 1899.  (4)  The record shows that no change

was made in the parties plaintiff. The suit was filed in the name of "I & A. Bloch trading as the Ohio Pottery & Glass Co.," but the justice, in issuing the summons, styled the case "Ohio Pottery & Glass Co. v. Mrs. John Martin." Any defect in service was cured by the appearance of appellant both in the justice court and the circuit court.

GOODE, J.—Action for merchandise sold and delivered of the value of $72.27. The case was commenced before a justice of the peace by filing an account with this caption:

"I. and A. Bloch, trading as the Ohio Pottery and Glass Company, 628 Superior Street, Cleveland, Ohio.

"Sold to Mrs. John Martin, formerly Mrs. H. C. Vasterling, trading as the Edna Millinery and Notion Co."

The justice issued a summons wherein plaintiffs were described as the Ohio Pottery & Glass Company, without giving the names of the members of the partnership. The account as filed was verified by the affidavit of E. F. Stitzel, bookkeeper for plaintiffs, to the effect that the Ohio Pottery & Glass Company was a partnership composed of I. and A. Bloch. In due course the cause proceeded to the circuit court, was there tried before a jury and the sale of the goods established by the depositions of witnesses and the testimony of defendant. She said, however, they were purchased by her in January to be delivered immediately so she could have them to use during the dull season, but were not delivered until March 20th or April 3d, when her spring goods were in and she had no room for those in suit. Her store was at a place called Illmo, and she testified that instead of opening the goods, she shipped them to her father, who did business in Charleston, Missouri, for him to sell if he could and account to plaintiffs for the purchase price; also for the purpose of having him see the traveling salesman of plaintiff who had sold

the goods to defendant and make some settlement with him. Though defendant said she did not open the goods, she testified they were of inferior quality, and we suppose she partly inspected them. She did not ship them to her father until several days after they were received. The father testified he saw part of the goods, though they were not opened by him, and found them of inferior quality; had they been good he would have retained them; as they were, he shipped them to the Ohio Pottery & Glass Company at Cleveland, Ohio. The testimony for plaintiffs went to prove the goods never were reshipped to them, and as shipped by them, corresponded to the order defendant gave. We find no defense to this demand. Defendant instead of making complaint about the quality of the goods or their late delivery, or returning them at once to plaintiffs, turned them over to her father to sell in another town, and gave plaintiffs no notice. Her conduct was not even an attempt to rescind the contract of sale.

The main point raised on the appeal is that the corporate existence of plaintiffs was brought into question by an affidavit denying plaintiffs were a corporation and they introduced no proof to show they were. Plaintiffs did not sue as a corporation, but as a partnership; and while it is true defendant filed a verified affidavit saying they were not a corporation, this affidavit was irrelevant. It appears to have been made because the summons issued by the justice failed to set out the individual names of the plaintiffs and described them instead by their firm name; but that imperfection was cured by the appeal. [R. S. 1899, sec. 4060.] The account filed before the justice showed they were a partnership and suing as such, instead of as a corporation.

The appeal is as devoid of merit as one could be, and the judgment will be affirmed. All concur.